## THE ILLINOIS CENTRAL RAILROAD COMPANY
### v.
## ALEXANDER BURNS.

*Railroads—Injury to Stock—Evidence as to Experiments—Rebuttal—Discretion of Court—Instructions.*

1. In an action against a railroad company for injury to stock on its track, where the main question was whether or not the engineer could, by the exercise of reasonable care, have seen the animals in time to avoid the accident, evidence of experiments made to determine the distance from the point of the accident at which the stock could have been seen by the engineer was admissible, although the conditions of the experiments were not precisely those existing at the time of the accident.

2. The admission of such testimony in rebuttal was discretionary with the court below.

3. In an instruction on the subject of the engineer's duty to keep a lookout for obstructions upon the track, the phrase "ordinary care" would be presumed to mean such care as the engineer could reasonably exercise in keeping a lookout, taking into consideration his other duties.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. Palmers & Shutt, for appellant.

Messrs. Patton & Hamilton, for appellee.

Conger, J.   This was an action brought by appellee against appellant to recover damages for the killing of appellee's horses, by the train of appellant upon its railroad between Springfield and Clinton.   The verdict and judgment were for $550.

The principal question was, as to whether the engineer by the exercise of reasonable care could have seen the animals in time to have avoided the injury.   The objections urged upon the part of appellant are principally two, the admission of improper testimony and giving an improper instruction.

As a part of the evidence for the defense, appellant had given the result of certain experiments, made by placing a train in the position, as nearly as possible, of the one causing the injury, and detailing to the jury the opinion of those taking part therein, of how far away at certain points upon the track the horses could probably have been seen from the engine.

In rebuttal appellee was permitted by the court to give the result of an experiment made by himself and witnesses, made after appellant's evidence upon the subject had been given, in which they had placed a man on a ladder in the track, intending thereby to raise his head to the same height as though he were standing in the cab of a locomotive, and then placing others in the ditch at the point where it was claimed the horses were, and giving to the jury the result of such observations.

Counsel for appellant, in their brief, make their objection to this testimony in the following language, which we quote, " It is difficult to classify testimony of the character of this under consideration.   The defendant offered proof of experiments carefully conducted by the engineer in charge of the same train under the identical conditions, in order to determine the distance necessary to stop the train at that point, when it was moving at the same rate of speed.   In addition, the persons who conducted these experiments were experts,

whose opinions would have been admissible upon the points involved upon general, well understood principles.

In the experiments made by the witnesses, Fagan and Guyant, there is no pretense that the conditions of the experiments were identical with those of the actual transaction.

The primary question before the jury was as to the actual distance as well as the position of the engineer at the time, when he could have seen the horses on the track. These points of inquiry were supposed to involve the question of reasonable care on the part of the engineer to observe the animals on the track and control the engine to avoid injury to them. The hypothetical experiments of the witnesses lack all the elements which are necessary to render such testimony admissible. The experiment did not include all the facts necessary for a comparison between the results obtained and the actual facts of the transaction, but the facts assumed are confessedly unlike the actual facts. The witnesses were confessedly without experience in the operation of trains upon railroads. The actual facts of the transaction were fully detailed to the jury by witnesses who knew them, and were unimpeached. The mischief which would result from the admission of testimony of this class is too obvious to need discussion."

There is no good reason for rejecting appellee's evidence of experiments, because not made by appliances as perfect, or by witnesses with as much experience and knowledge as those of appellee.

In so far as the experiments made failed to comply with the true condition of things at the time of the accident, the results obtained would not be as satisfactory and convincing to the jury as when all the conditions of the experiment were precisely like those existing at the time of the accident, and the jury should and doubtless did make allowance for these imperfect conditions.

But to say that appellant may place an engine at a given point, and permit an engineer standing thereon to state to the jury at what distance horses at the side of the track could be observed, and deny to appellee the right to show the result of

experiments made by himself or his witnesses, because he can not place an engine at the point of observation, but is compelled to use something else to bring his line of vision as nearly as may be to the place the engineer would occupy, would not be in accordance with reason or justice.

As to this evidence having been admitted upon rebuttal, it was entirely within the discretion of the trial court, and we see no such abuse of discretion as would call for interference.

There was but one instruction given for appellee, which was as follows:

" The court instructs the jury, that if they believe from the evidence that the engineer, by the exercise of ordinary care, could have seen the plaintiff's horses in time to have avoided striking them, and that by the reason of the failure of said engineer to exercise such ordinary care, said horses were injured, then the jury should find for the plaintiff."

It is urged that this instruction " assumes that it was the duty of the engineer in charge of the train to look out for animals upon the track, and then, alike regardless of all other considerations of duty, avoid striking them."

We do not think this instruction subject to the objection made. Ordinary care would be such care as the engineer could reasonably exercise in keeping a lookout, taking into consideration his other duties, and we do not think a jury would understand the language of this instruction in any other light.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*